IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

CORA P. WILSON,                                  :
                                                 :
         Plaintiff,                              :
                                                 :
vs.                                              :    Civil Action No.
                                                 :    **3:08-CV-29 (CDL)**
MICHAEL J. ASTRUE,                               :
Commissioner of Social Security,                 :
                                                 :
         Defendant.                              :
_____                 :

## RECOMMENDATION

The plaintiff herein filed an application for disability insurance benefits and Supplemental

Security Income benefits on October 16, 2002, alleging disability since June 15, 2000.  The

application was denied initially and upon reconsideration, plaintiff requested a hearing before an

Administrative Law Judge, which was held on August 29, 2005.  On February 22, 2006, the ALJ

denied plaintiff's claim.  The Appeals Council affirmed the ALJ's decision, making it the final

decision of the Commissioner.   The plaintiff subsequently filed an appeal to this court.

Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether

the Commissioner's decision is supported by substantial evidence and whether the

Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703

F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if

supported by substantial evidence, defined as more than a scintilla, such that a reasonable person

would accept the evidence as adequate to support the conclusion at issue.  <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991); <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  <u>Bloodsworth</u>, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  <u>Cornelius</u>, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education, and residual functional capacity.  <u>Ambers v. Heckler</u>, 736 F.2d 1467, 1470-71 (11th Cir.1984).  Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age,

education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ determined that plaintiff had  "severe" impairments of fibromyalgia, status post gastric bypass, headaches, depression, lupus, and post traumatic stress disorder, but that she retained the residual functional capacity to perform a reduced range of sedentary work.

Plaintiff contends that the ALJ erred in failing to assign great weight to the opinions of two of her treating physicians.

Nicholas Tiliakos, M.D. completed a Medical Assessment of Ability to do Work-Related Activities on August 30, 2003. Dr. Tiliakos notes that due to arthalgias and myalgias Plaintiff has difficulty engaging in numerous work-related activities. He found that Plaintiff has trouble lifting and carrying more than three pounds, standing and walking for more than two hours in a day or 15 minutes without interruption, and sitting for more than four total hours in a day or 30 minutes without interruption. (T. 430-431) Dr. Tiliakos further concluded that Plaintiff is unable to engage in postural activities, such as climbing, balancing, stooping, crouching, kneeling  and crawling, and that her handling, pushing, and pulling ability with her hands and arms has been affected. Dr. Tiliakos' assessment also noted environmental restrictions including heights, machinery, and temperature extremes. (T. 431-432)

Edward Byme, M.D. completed the same medical assessment on July 7, 2004 and reported similar findings. Dr. Byme indicated that because of lupus and fibromyalgia Plaintiff has a limited ability to lift and carry and can only sit for two total hours in an eight-hour work day. (T. 433) Dr. Byme also noted that Plaintiff has limitations on postural activities and with reaching, handling, pushing and pulling. Like Dr. Tiliakos, Dr. Byme found that Plaintiff has environmental restrictions, including heights, machinery, and temperature extremes. (T. 434-435)

The Court of Appeals has held that good cause must be shown if the opinion of the treating

3

physician is discounted; a non-examining physician's opinion is entitled to little weight if it is

contrary to the opinion of the claimant's treating physician.  See  Broughton v. Heckler, 776 F.2d

960 (11th Cir.1985).  "The Secretary must specify what weight is given to a treating physician's

opinion and any reason for giving it no weight, and failure to do so is reversible error."

MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).  Where the medical evidence does

not conclusively counter the treating physician's opinion, and no other good cause is presented,

the treating physician's opinion cannot be discounted.  Scnorr v. Bowen, 816 F.2d 578, 581 (11th

Cir. 1987).  Moreover, the ALJ cannot substitute his opinion for that of a medical expert.

Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982).

    However, a treating physician's opinion that a plaintiff is disabled or unable to work is not

conclusive; the ALJ must make a disability determination based upon the medical findings and

other evidence.  Bell v. Bowen, 796 F.2d 1350 (11th Cir. 1990).  The opinion of a physician, even

a treating physician, may be discounted when the opinion is not well-supported by medically

acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the

record as a whole. See 20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96-2p.

    Diagnoses alone do not establish that an individual has functional limitations.  Higgs v.

Bowen, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis [of a condition], of course, says

nothing about the severity of the condition."); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir.

1986) ("a psychological disorder is not necessarily disabling. There must be a showing of related

functional loss.").

Moreover, opinions on some issues, such as whether a Plaintiff is disabled, the Plaintiff's

RFC, and the application of vocational factors, "are not medical opinions, . . . but are, instead,

opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(e) (emphasis added); see SSR 96-5p, 61 Fed. Reg. 34,471 (1996); Bell v. Bowen, 796 F.2d 1350, 1353-54 (11th Cir. 1986); see also <u>Lewis v. Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997) ("we note that we are concerned here with the doctors' evaluations of Lewis's condition and the medical consequences thereof, not their opinions of the legal consequences of his condition.").

Here, the ALJ did discuss the findings of the two doctors.  (Tr. 26).  However, the ALJ found that the opinions were not supported by or consistent with the plaintiff's own daily activities.  The ALJ found that plaintiff took care of four young children, does laundry, mops, cooks, washes dishes, dusts, goes shopping, handles her own money, and visits others outside her home.  The ALJ also found that plaintiff cared for her sick father. The ALJ concluded that the opinions of Dr. Tiliakos and Byme as they related to Plaintiff's ability to persist for eight hours a day, were not consistent with Plaintiff own reported activities (Tr. 26).

Plaintiff points out that the ALJ failed to consider her testimony at the hearing that describes her daily activities as much more limited than that described by the ALJ.   Plaintiff revealed in her testimony that she lives by herself with her four young children and that she cares for them as best she can. (Tr. 512) However, she also testified that she needs and receives help from her ex-husband and her neighbor to get them ready for and into bed at night. (Tr. 533) Plaintiff testified that she washes dishes, but she also described having to take breaks while doing so every five to ten minutes. (Tr. 525) Further, Plaintiff stated at the hearing that she does some cooking, but she cannot take a gallon of milk from the refrigerator or lift a frying pan

unless it is empty. (Tr. 517-518) Plaintiff also described having similar difficulties doing laundry. She is able to handle lighter clothing but requires assistance for heavier towels and linens. (Tr. 534) Plaintiff testified that she is responsible for the shopping for the household. However, a relative goes with her, because she has difficulty driving and cannot carry the groceries. (Tr. 536) Plaintiff admitted in her testimony that her siblings come to her home two times a week to help with housework and shopping (Tr. 534-535) and that her 11 year old son has to help her with some tasks. (Tr. 518-519) .

The ALJ here discounted the opinions of these two treating physicians because they were not consistent with plaintiff's own daily activities.  (Tr. 26).  However, the ALJ did not discuss the additional testimony related above that was elicited at the hearing from plaintiff that, if credible, clearly shows that plaintiff's daily activities were much more limited than those recited by the ALJ.

While the ALJ is entitled to discount the opinions of treating physicians and to question the credibility of the plaintiff[1], the failure to discuss the testimony above in the assessment of plaintiff's credibility, and then to use a redacted version of plaintiff's daily activities to then discount the opinion of two treating physicians is error as it is not based upon substantial evidence.  Upon remand, the ALJ should reconsider the credibility of the plaintiff regarding the

---

[1]A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability.  Holt v. Sullivan, supra at page 1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."  Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

above testimony, and then reconsider whether the opinions of the two treating physicians should be given great weight.  The result of the determination could well be the same; however, the ALJ should discuss the testimony of plaintiff in greater length in order to determine if the ultimate decision is based upon substantial evidence.

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED** pursuant to Sentence Four of § 405 (g) for further consideration in light of this opinion.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 30th  day of July, 2009.

//S Richard L. Hodge
RICHARD L. HODGE
msd                                             UNITED STATES MAGISTRATE JUDGE